## CLAIMS FOR NECESSARIES.

Common Pleas Court of Hamilton County.

### MUND v. MOTZ.

Decided, March 6, 1913.

*Necessaries—Judgment Creditors Not Entitled to Proceed on Claim as for Necessaries, Unless—Shoeing a Horse Does Not Constitute a Claim for Necessaries—Exceptions—Sections 11559 and 11781.*

1. Unless it appear that a judgment rendered by a justice of the peace was founded on a claim for necessaries, the defendant is entitled to his earnings for personal services within three months next preceding the entering of the judgment.
2. A claim for work and labor in shoeing a horse, used by its owner in the express business, is not a claim for necessaries within the meaning of that term as used in the code.

*Stanley W. Lewis,* for plaintiff in error.
*William Orr,* contra.

MAY, J.

This case comes into this court on the petition in error to review the judgment of a justice of the peace in refusing to allow the plaintiff in error to exempt his personal earnings sought to be reached by a proceeding in aid of execution in judgment for shoeing the defendant's horse.

1. The defendant in error contends that there is no proper bill of exceptions in this case, because the word objection is used instead of "exception." Judge Dickson decided adversely to this claim and this court is bound by that ruling. Besides, such decision was correct.

Section 11559, General Code, provides:

"An exception is an objection taken to a decision of the court upon a matter of law."

2. The plaintiff in error contends that a claim for work and labor in shoeing a horse used by him in express business is

not a necessary. The defendant in error claims because the record does not affirmatively show that the claim is not a necessary, that this court is precluded from drawing such an inference.

This is clearly erroneous. Unless it appear that the judgment below was founded on a claim for necessaries, the plaintiff in error having taken the proper steps required under Section 11781, General Code, is entitled to his earnings for personal services within three months next preceding the order. A judgment for work and labor done in shoeing a horse used by plaintiff in error in the express business, is not one for necessaries within the meaning of that term in the General Code. The prime necessities of life are food, clothing and shelter. *Smith* v. *Getz,* 9 C.C.(N.S.), 321. So that any claim for articles "enabling a family to live conveniently and decently according to the custom of the country in which they reside" is within this provision. *Water Healer Company* v. *Meckel,* 9 N.P.(N.S.), 518, and cases cited in this opinion. But a claim for money had and received is not for necessaries. *Doran* v. *Collins,* 8 N.P.(N.S.), 169.

The judgment of the justice of the peace is reversed.